OPINION of the Court, by
Judge Logaat.
This is a sujt for land upon conflicting claims'. Walton, who was the complainant below, derives his right under the following entry, viz :
« January 21st, 1784 — Matthew Walton enters 20>000 acres, on a treasury warrant, No. &c. in the forks of Salt river and the Rolling fork, below the salt beginning near the mouth of Long lick on the hank of Salt river; running down Salt river within one half mile and a quarter of the junction of the Rolling fork and Salt river, then square across southwardly to the Rolling fork, and up the Roiling fork, and binding on the entries thereon, so far that a line northwardly to Long lick creek or the entries thereon, and down Long lick creek to include the quantity.”
The principle and reasons which governed in the cases of Hanson, &c. vs. Lashbrook, (decided spring term, 1814,) and May, Bannister, &c. vs. Mason, &c. (ante p. 128,) apply in the construction of this entry.
The entry in the case of Hanson and Lashbrook, (vol. 3, 543) “ called to begin on a given water course, and thence running down the meanders of said creek three miles, when reduced to a straight line, except obstructed by a prior line,” thence off, &c.
In that case it was said that if a prior line had intervened between the beginning and the distance designated on the creek, the locator would have been bound by it in making his . survey : and as subsequent locators could not be presumed to have knowledge of the existence of any such line, and no clew was given by which such information could be obtained ; it was held, therefore, uncertain and vague, because of the uncertainty whether the entry would occupy its distance on the creek, or how much thereof would be thereby appropriated ; *133 'and consequently as not affording the necessary infor-ination of the adjacent residuum. ,
The uncertainty that existed in that case between the beginning and termination of three miles on the creek, from the intervention of some unknown line, would by no means be diminished by the cali for indefinite and unknown entries.
In the case of May, Bannister, &c. vs. Mason, &c, decided this term, the entry called to bind on the Ohio and Panther creek, and the entries located thereon, without describing or giv ing their positions or any clew by which they could be ascertained, and that entry was therefore held vague and invalid.
The entry under consideration contains almost pre? pisely the same calls of description, and is liable to the same objections.
The decree of the circuit court must therefore be rcr versed with costs.